UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-01020-MCE-GGH<br><br><br>ORDER |

Plaintiff appears in this civil rights action pro se by a complaint filed on April 24, 2018. ECF No. 3. Two of the defendants named in the complaint, the County of Sacramento and county employee Mark Aspesi moved to dismiss on May 25, 2018 and set their motion for hearing on July 19, 2018. ECF No. 4. After plaintiff filed opposition on July 3, 2018, ECF No. 5, and defendants filed a Reply on July 2, 2018, ECF No. 6, a continuance of the hearing was requested by moving defendants. ECF No. 7, and the hearing was moved to September 6, 2018. ECF No. 8. Plaintiff appeared at the hearing pro se and defendants were represented by Wendy Motooka. After hearing argument, the court took the matter under submission in order to prepare this Order.

////

////

1

## PLAINTIFF'S COMPLAINT

Plaintiff complains that defendants enacted an official policy refusing to accept payment of property taxes by cash payment comprised of coins and one dollar bills that resulted in an infringement of his First Amendment right to protest. ECF No. 3 at 1:18-24. He brings the action under 42 U.S.C. section 1983, the civil rights law enacted to provide a vehicle to remedy federal Constitutional violations, together with 31 U.S.C. section 5103[1], and Article 1, Sections 1-3 of the California Constitution.[2] His factual allegations are that in a previous tax cycle he requested permission to pay his property tax bill in one dollar bills as a method of protest, and the County agreed. Id. at ¶¶ 10, 11. Plaintiff thereafter paid his $16,633.88 tax bill in [disorganized] one dollar bills on February 6, 2017, at the same time distributing novelty dollar bills with defendant Frost's face on them to symbolize his protest and to criticize Frost's policy. Id. at ¶ 12. On March 29, 2017 plaintiff criticized the individual defendants for their "attempts to expedite a policy" intended to restrain him from further protesting. Id. at ¶ 15. On or about April 10, 2017 plaintiff attempted to protest a mandatory tax payment when his next payment was due but he was turned away by a security officer and, when he refused to leave, he met defendant Aspei at the counter who denied his attempt to pay his taxes in the proposed manner, id. at ¶ 17, yet he thereafter saw several other people make cash payments without difficulty. Id. at ¶ 18. He sues the individuals in both their official and individual capacities and seeks injunctive and declaratory relief along with general, special and exemplary damages, attorneys' fees and costs.

It is to be noted that many of plaintiff's allegations are based, in whole or in part, on "information and belief," rather than factual knowledge, see e.g. id. at ¶¶ 6, 8, 14, 18, 19. Included in these allegations are the status of defendants other than Aspei as County employees,

////

////

---

[1] This code section identifies coins and currency issued by the United States to be legal tender for all debts, public charges, taxes and dues.

[2] Section 1 declares "all people . . have inalienable rights" among which are "life and liberty acquiring, possessing, and protecting property . . .", Section 2 guarantees free speech along with a free press and declares no law may be enacted to restrain or abridge these rights, and Section 3 guarantees the right to petition for redress of grievances among other things.

the development of the policy averred to above, and the existence of a conspiracy between the individual defendants.³

The motion is based upon Federal Rule of Civil Procedure 12(b)(6), i.e., failure to state a claim upon which relief can be granted.

*STANDARD FOR REVIEW*

A.   *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Federal Rule of Civil. Procedure [F. R. Civ. P.] 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal pursuant to this Rule is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y. Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "Ashcroft v. Iqbal, 556 U.S. 662 (2009)." The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. *quoting* Twombly, supra, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief." Id. *quoting* Twombly, 550 U.S. at 557.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

³ As defendants point out in their motion, plaintiff does not identify the "policy," either in haec verba or by description.   ECF No. 4-1 at 2:8-11, 12-13.

action will not do." Twombly, 550 U.S. at 555 (2007) (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' ... are not entitled to be assumed true." Iqbal, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Farm Credit Services v. American State Bank, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." Student Loan Marketing Ass'n v. Hanes, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562 *quoting* Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). In sum, the claim made must be plausible on its face, i.e., the complaint must state sufficient facts to create a reasonable inference that the defendants are liable for the misconduct alleged without the necessity "to accept as true a legal conclusion couched as a factual allegation. "Eberhard v. Calfiornia Highway Patrol, 73 F.Supp.3d 1122, 1125 (N.D.Cal. 2014) *quoting* Iqbal, supra, 556 U.S. at 570.

B.  *Retaliation for Exercise of First Amendment Rights*

This assertion arises most often in the context of claims that a public employer has retaliated against a public employee for his or her exercise of the right to free speech through an adverse employment action. See, e.g., Garcetti v. Ceballos, 547 U.S. 410 (2006) Elkins v. City of Sierra Madre, 710 F.3d 1049 (9th Cir. 2013); Coszalter v. City of Salem, 320 F.3d 968 (2003). Nevertheless, the general rule

> prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. Crawford-El v. Britton, 523 U.S. 574, 502, 118 S.Ct. 1584, 140 L.Ed.2d 759. When nonretaliatory grounds are insufficient to provoke the adverse consequences, retaliation is subject to recovery as the but-for cause of

4

> official injurious action offending the Constitution, see e.g., *id.*, at 503, 118 S.Ct. 1584, and a vengeful federal officer is subject to damages under Bivens.

Hartman v. Moore, 547 U.S. 250, 250 (2006).

> Although a Bivens (or 42 U.S.C. § 1983) plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent injury in any retaliation action, the need to demonstrate causation in the retaliatory-prosecution context presents an additional difficulty which can be overcome by a showing of the absence of probable cause. In an ordinary retaliation case, the evidence of motive and injury are sufficient for a circumstantial demonstration that the one caused the other, and the causation is understood to be but-for causation, without which the adverse action would not have been taken.

Id. at 251. Thus, plaintiff must, in order to plead an actionable retaliation claim arising under the First Amendment, allege that there was no credible reason for the action taken against him "but-for" the retaliatory motive he asserts. And, as defendants point out, even if plaintiff meets the pleading standard and sufficiently alleges that he was engaged in protected First Amendment activity in attempting to pay his tax bill in the manner described, the right asserted is not absolute insofar as it is subject to reasonable time, place and/or manner restrictions.

Defendants' Motion suggests the existence and applicability of such reasonable restrictions in this case but, in order to do so, they argue a factual scenario more properly addressed in a motion for summary judgment, not in a motion to dismiss a suit at the outset.

*C.     The Complaint fails to meet the pleading standard of Federal Rule of Civil Procedure 8*

Finally, the court must, on its own, address the issue of the sufficiency of this complaint under federal pleading standards not raised by the defendants, but which impact the ability of the defendants to respond to the pleading in a meaningful way. Although pro se complaints are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2015, he is still bound to adhere to the Federal Rules of Civil Procedure in making his claims.

F. R. Civ. P. 8 states the general pleading standard in federal courts. That Rule calls for three basic elements that must be included in the initial pleading: (1) A short and plain statement

5

of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  In his complaint plaintiff names the County of Sacramento, five individuals, and Does 1 through 100 as defendants.  Even assuming he has pleaded a credible First Amendment injury, he does not identify how each of the named individual defendants, other than defendant Aspei, who he alleges rejected his cash payment, have violated his rights under the Amendment specifically.  In attempting to plead that the injury was inflicted based upon a municipal policy designed specifically to curtail the exercise of taxpayer rights to protest tax policies, plaintiff does not specify the policy or practice in even vague terms – only baldly states that the policy exists.  Thus his complaint fails to give the named defendants "fair notice" of their legal exposure and to provide them with the facts that make them responsible for plaintiff's claimed injury.  Where, as here, a plaintiff seeks redress pursuant to a federal statute – 42 U.S.C. section 1983 – he must allege the elements required within that statute and demonstrate by his statements of fact how each of the named defendants bear responsibility under the statute and how they have violated it to avoid dismissal.

D.     *Defendants' Immunity Claims*

Defendants assert that all of those named have immunity and this factor should result in dismissal.  As to the individually named defendants they assert qualified immunity which will not be addressed in this order as it would be premature to resolve that issue at this point since a factual analysis must be used to address the issue, i.e., whether the individual defendants violated a "clearly established statutory or constitutional right[] of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Alexander v. Alameida, 2005 WL 2135695 *3 (E.D.Cal. 2005).  As to the County of Sacramento, however, it is appropriate at this stage for the court to outline plaintiff's obligations in suing a county directly.

The U.S. Supreme Court has held that local governmental entities, e.g., cities, counties, and local officers sued in their official capacity, are "persons" for purposes of section 1983, rendering them directly liable for constitutional violations if carried out pursuant to local policies or customs.  McMillian v. Monroe County, 520 U.S. 781, 784–785 (1997); Monell v. New York

City Dept. of Social Services, 436 U.S. 658, 690–692 (1978). Therefore, the County may properly be considered a person under section 1983.

Nevertheless, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992) (original emphasis), *citing* Monell, 436 U.S. at 694–695. Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, at 694. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation. In particular ... the inadequate training of police officers could be characterized as the cause of the constitutional tort if - and only if - the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." Collins, supra, 503 U.S. at 123–124 (fn.omitted), *citing* Canton v. Harris, 489 U.S. 378, 387, 388 (1989).

"[L]ocal governments, like any other § 1983 'person,' ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690–91. "[P]laintiff must allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized city policy. *Ibid*.; Harris v. City of Roseburg, 664 F.2d 1121, 1130, 1338 (9th Cir.1981) (" 'Official policy' within the meaning of Monell [encompasses situations] where a municipality 'impliedly or tacitly authorized, approved, or encouraged' illegal conduct by its police officers.' ") *quoting* Turpin v. Mailet, 619 F.2d 196, 201 (2nd Cir.), *cert. denied*, 449 U.S. 1016 (1980)." Gibson v. U.S., 781 F.2d 1334, 1337–1338 (9th Cir.1986); see also, Ortez v. Washington Cty., 88 F.3d 804, 811 (9th Cir.1996). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the

incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–824 (1985). Here, plaintiff has alleged "a" policy but has not identified the specific policy, its terms and application, in his complaint. Thus he has not pleaded sufficient facts. See Navarro v. Block, 72 F.3d 712, 714 (9th Cir.1995).

Instead, to allege a claim against a municipality, plaintiff must allege enough "factual content" to show: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.' " Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir.1996), *quoting* Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992), City of Canton v. Harris, 489 U.S. 378, 389–91 (1989).

The current complaint fails to state a claim against the County under § 1983 because there are no facts set forth which "might plausibly suggest" that any Constitutional violations were effected pursuant to a County policy, custom or practice that was the moving force or cause of plaintiff's injuries. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir.2012) (applying Iqbal's pleading standards to Monell claims).

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend in conformity with the standards established in this Order within 30 days of the filing of the Order; plaintiff is warned that failure to timely comply with this order may lead to a recommendation that this action be dismissed.

////

2. The Amended Complaint shall be denoted "First Amended Complaint" in the caption of the document.

**IT IS SO ORDERED.**

Dated: October15, 2018

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE