UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL, | No. 2:18-cv-1020-MCE-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

The case is before the court on defendant Sue Frost's motion for a protective order seeking to preclude her deposition. ECF No. 34. For the reasons explained below, the motion is granted.

I.     Background

The first amended complaint alleges that in January 2017, plaintiff paid his property taxes in one-dollar bills as a method for protesting and criticizing elected government officials. ECF No. 16 at 4. At the time the payment was submitted, plaintiff expressed complaints "about taxation without representation and simultaneously distributed several novelty dollars that depicted defendant FROST's face in the middle of the dollar to symbolize the protest and [plaintiff's] criticism of FROST." *Id*. Shortly thereafter, defendants allegedly formulated a policy to stop plaintiff from making future payments with one-dollar bills. *Id*. at 4-5. In April 2017, plaintiff attempted to make another payment using with one-dollar bills. *Id*. at 5-6.

1

Plaintiff contends that before plaintiff could reach the tax collection department, a security officer acting under instructions from the individual defendants asked plaintiff to leave. *Id*. at 6. Plaintiff ignored the request and approached defendant Aspei at the public payment counter, but Aspei refused to accept plaintiff's payment. *Id*. Plaintiff's sole remaining claim is brought under 42 U.S.C. § 1983 for alleged violation of his First Amendment rights. *See* ECF Nos. 26 & 27. Specifically, he claims defendants implemented the policy limiting cash payments with one-dollar bills in retaliation for his protest efforts.

On March 20, 2020, plaintiff served Frost with a notice of deposition, setting the deposition for April 6, 2020. Frost moves for a protective order precluding the deposition. ECF No. 34. Decl. of Wendy Motooka ("Motooka Decl."), Ex. D (ECF No. 35-2 at 33-34). Frost argues that she is entitled to a protective order because: (1) she is an elected member of the Sacramento County Board of Supervisors and, consequently, should not be deposed under the "apex" deposition doctrine; and (2) plaintiff improperly noticed the deposition to be held at a building that may not presently be occupied.

II.  Discussion

Under Rule 26 of the Federal Rules of Civil Procedure, the party seeking to avoid discovery is required to show "good cause" for why the requested discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). With respect to depositions, "a strong showing is required before a party will be denied entirely the right to take a deposition." *Id*. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 11 (9th Cir. 2002).

"The deposition of a high-level official or executive, often referred to as an 'apex' deposition, may be precluded by the Court under Rule 26(c) where the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Estate of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (quoting *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)); *see Somers v. Dig. Realty Tr. Inc.*, 2016 WL 7157505, at *1 (N.D. Cal. Dec. 8, 2016) ("When a party seeks the

deposition of a high-level executive (a so-called 'apex' deposition), the court may exercise its discretion under the federal rules to limit discovery."). Apex depositions are generally not permitted absent extraordinary circumstances because "high ranking government officials have greater duties and time constraints than other witnesses and . . ., without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1048. These types of deposition are also disfavored because they create a "potential for abuse and harassment." *Apple Inc.*, 282 F.R.D. at 263.

As the objecting party, defendant Frost bears the initial burden of demonstrating that she is a sufficiently "high-ranking" official. *Thomas*, 715 F. Supp. 2d at 1049 ("As a threshold matter, an official objecting to a deposition must first establish that she is sufficiently "high ranking" to invoke the deposition privilege"). If she make a sufficient showing, the burden then shifts to plaintiff to "show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources." *Id.*; *see also Anderson v. Cnty. of Contra Costa*, 2017 WL 930315, at *3 (N.D. Cal. Mar. 9, 2017) ("Limitations are appropriate where the information sought can be obtained through less intrusive discovery methods, such as by interrogatory or depositions of lower-level employees with more direct knowledge of the facts at issue.") (quotations omitted).

Here, there is no dispute that Frost is an elected member of the Sacramento County Board of Supervisors. Plaintiff contends, however, that Frost is not a high-ranking official because she does not possess executive authority for the County of Sacramento. ECF No. 34 at 3. But the qualified immunity from deposition afforded by the apex deposition doctrine is not limited to executive officials, as plaintiff contends. *See, e.g., Mergentime Corp. v. Wash. Metro. Area Transit Authority*, 1991 WL 166997, at *1 (D.D.C. Aug. 6, 1991) ("Government decision-makers are accorded a qualified immunity from the burdens of depositions inquiring into their mental process.") (citing *United States v. Morgan*, 313 U.S. 409, 421-22 (1941).; *Apple Inc.*, 282 F.R.D.

at 263-65 (applying apex deposition doctrine to high-ranking corporate employees). In the context of this dispute involving alleged policy making decisions by Sacramento County government, Frost, as a member of the Sacramento County Board of Supervisors, is a high-ranking official.

Furthermore, the record before the court does not demonstrate the presence of exceptional circumstances warranting Frost's deposition to proceed. Frost has submitted a declaration, signed under penalty of perjury, stating that she has no personal knowledge of the facts giving rise to plaintiff's retaliation claim, including plaintiff's attempt to pay his taxes with $1 bills. Frost Decl. (ECF No. 35-3) ¶ 3. She further states that she was not involved in creating the county policy that is the subject of plaintiff's First Amendment retaliation claim. *Id*. at ¶ 6. Furthermore, the information plaintiff seeks by deposing Frost can be obtained through less burdensome means.

During the parties' meet and confer, plaintiff informed defendants' counsel that he needs to depose Frost to obtain the following information:

1. Did she have any knowledge of the policy?
2. When exactly (in relation to the second tax payment) was she apprised of the policy?
3. Did she have any conversations, meetings or communication with any of the other defendants in relation to denying the tax payment?
4. Did she have any conversations, meetings or communication with any of the other defendants in relation to drafting or enacting the policy?
5. Did she have any conversations, meetings or communication with any of the other defendants in relation to Christopher Lull?

Motooka Decl., Ex. J (ECF No. 35-2). These questions and the information they are calculated to elicit can easily be obtained through written discovery, including interrogatories. Accordingly, the circumstances here do not warrant requiring Frost to be deposed.[1]

/////

---

[1] Because Frost is entitled to the requested protective order under the apex deposition doctrine, the court declines to address her remaining argument.

III.   Conclusions

Accordingly, it is hereby ORDERED that:

1. Defendant Frost's motion for a protective order (ECF No. 34) is granted; and

2. Plaintiff is precluded from deposing Frost.

DATED: June 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE