UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL, | No. 2:18-cv-1020-MCE-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

The case is before the court on defendant Ben Lamera's motion for a protective order seeking to preclude his deposition. ECF No. 39. For the reasons explained below, the motion is granted in part and denied in part.[1]

I.  Background

The first amended complaint alleges that in January 2017, plaintiff paid his property taxes in one-dollar bills as a method for protesting and criticizing elected government officials. ECF No. 16 at 4. At the time the payment was submitted, plaintiff expressed complaints "about taxation without representation and simultaneously distributed several novelty dollars that depicted defendant FROST's face in the middle of the dollar to symbolize the protest and

---

[1] The court determined that oral argument would not materially assist in the resolution of the pending motion, and the matter was ordered submitted on the parties' joint statement. *See* E.D. Cal. L.R. 230(g).

1

[plaintiff's] criticism of FROST." *Id*. Shortly thereafter, defendants allegedly formulated a policy to stop plaintiff from making future payments with one-dollar bills. *Id*. at 4-5. In April 2017, plaintiff attempted to make another payment using with one-dollar bills. *Id*. at 5-6. Before plaintiff could reach the tax collection department, a security officer acting under instructions from the individual defendants asked plaintiff to leave. *Id*. at 6. Plaintiff ignored the request and approached defendant Aspesi at the public payment counter, but Aspesi refused to accept plaintiff's payment. *Id*. Plaintiff's sole remaining claim is brought under 42 U.S.C. § 1983 for violation of plaintiff's First Amendment rights. *See* ECF Nos. 26 & 27. Specifically, he claims defendants implemented the policy limiting cash payments with one-dollar bills in retaliation for his protest efforts.

On June 24, plaintiff served Lamera with a notice of deposition, setting the deposition for July 21, 2020. Decl. of Wendy Motooka ("Motooka Decl."), Ex. D (ECF No. 40-1 at 31). Lamera moves for a protective order precluding plaintiff from deposing him. ECF No. 39. He argues he is entitled to a protective order because he is Sacramento County's Director of Finance and, consequently, should not be deposed under the "apex" deposition doctrine.

II.  Discussion

Under Rule 26 of the Federal Rules of Civil Procedure, the party seeking to avoid discovery is required to show "good cause" for why the requested discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). With respect to depositions, "a strong showing is required before a party will be denied entirely the right to take a deposition." *Id*. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 11 (9th Cir. 2002).

"The deposition of a high-level official or executive, often referred to as an 'apex' deposition, may be precluded by the Court under Rule 26(c) where the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Estate of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (quoting *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)); *see Somers v. Dig.*

*Realty Tr. Inc.*, 2016 WL 7157505, at *1 (N.D. Cal. Dec. 8, 2016) ("When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), the court may exercise its discretion under the federal rules to limit discovery."). Apex depositions are generally not permitted absent extraordinary circumstances because "high ranking government officials have greater duties and time constraints than other witnesses and . . ., without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1048. These types of deposition are also disfavored because they create a "potential for abuse and harassment." *Apple Inc.*, 282 F.R.D. at 263.

Defendant Lamera, as the objecting party, bears the initial burden of demonstrating that he is a sufficiently "high-ranking" official. *Thomas*, 715 F. Supp. 2d at 1049 ("As a threshold matter, an official objecting to a deposition must first establish that she is sufficiently "high ranking" to invoke the deposition privilege"). If he make a sufficient showing, the burden then shifts to plaintiff to "show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources." *Id.*; *see also Anderson v. Cnty. of Contra Costa*, 2017 WL 930315, at *3 (N.D. Cal. Mar. 9, 2017) ("Limitations are appropriate where the information sought can be obtained through less intrusive discovery methods, such as by interrogatory or depositions of lower-level employees with more direct knowledge of the facts at issue.") (quotations omitted).

Here, the court assumes in the context of this dispute over the policy in question that Lamera qualifies as a "high-ranking" official for purposes of *Thomas*, *supra.* Nonetheless, plaintiff has demonstrated a need for deposing him. As noted, plaintiff alleges that after his January 2017 protest, defendants reacted by formulating a policy restricting future payments made with one-dollar bills. ECF No. 16 at 4-6. Plaintiff argues that Lamera specifically directed defendant Mark Aspesi to create the policy in response to and in retaliation for plaintiff's January 2017 protest. ECF No. 40 at 3. Plaintiff has also submitted an email from defendant Lamera

reflecting that he was involved in the process of drafting policies—including the policy plaintiff challenges—to be submitted to the County's Board of Directors for approval. ECF No. 42 at 3.[2] Thus, the record indicates that Lamera has personal knowledge regarding the implementation of the policy and the reasons for it. This appears to include personal knowledge of whether, as plaintiff claims, the policy was implemented to chill his protests efforts or for other legitimate government purposes.

Lamera does not dispute that he has personal knowledge regarding plaintiff's initial protest or the implementation of the challenged policy. Instead, he contends that he should not be deposed because he has no knowledge regarding plaintiff's attempt to pay his taxes on April 10, 2017. Decl. of Ben Lamera (ECF No. 40-2) ¶ 4. But Lamera's knowledge regarding plaintiff's attempt to stage a second protest has no relevance as to whether Lamera has knowledge of the decision to create a policy and whether it was for the purpose of restricting plaintiff's protected speech or for furthering a legitimate government purpose.

Furthermore, given plaintiff's contention that Lamera directed Aspesi to create the policy at issue—a contention that Lamera does not dispute—written discovery or deposing lower-level employees is unlikely to be sufficient. Accordingly, because the record indicates Lamera has first-hand knowledge regarding the implementation of the challenged policy, plaintiff should be permitted to depose him. The court acknowledges, however, the potential that requiring Lamera to attend a deposition might impede, at least to some degree, the performance of his duties as the Director of Finance. Accordingly, Lamera's deposition will be limited to 90 minutes.

III.  Conclusions

Accordingly, it is hereby ORDERED that:

1. Defendant Lamera's motion for a protective order (ECF No. 39) is granted in part and denied in part;

/////

---

[2] In the parties' joint statement, plaintiff cited to the email from Lamera in support of his arguments. Plaintiff, however, failed to include the email as an exhibit to the joint statement. He subsequently noticed the omission, as he has since filed a copy of the email. *See* ECF No. 42.

4

2. Plaintiff is entitled to proceed with Lamera's deposition, which shall occur within 21 days from the date of service of this order; and

3. Lamera's deposition shall be limited to 90 minutes.

DATED: August 6, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE